Affirmed and Substitute Memorandum Opinion filed June 21, 2007








Affirmed and Substitute Memorandum Opinion filed June 21,
2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00268-CR

____________

 

NEVILLE SAPP, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th
District Court

Harris  County, Texas

Trial Court Cause No. 1005381

 



 

S U B S T I T U T E   M E M O R A N D U M   O P I N I O N








Appellant, Neville Sapp, was charged with attempted sexual
assault, enhanced by two prior felony convictions.  He pleaded not guilty, and
the case was tried to a jury, which found him guilty, and assessed punishment
at eighty years= confinement.  Appellant raises four
issues on appeal: 1) that the trial court=s instructions
following the giving of an Allen charge were coercive in violation of
the United States Constitution; 2) that the court erred in admitting into
evidence a request for a protective order because the document was hearsay; 3)
that the court erred in admitting the request for a protective order over
relevancy objections; and 4) appellant was denied effective assistance of
counsel when appellant=s attorney failed to object to a denial of
confrontation when statements made by the complainant were admitted into
evidence, both through the request for a protective order and the testimony of
Lovette Obasi.[1] 


Factual
and Procedural Background

Appellant=s complaints do not touch upon the
sufficiency of the evidence; therefore, only a brief summation of the facts is
appropriate.  The complainant, Ella Broussard, was abducted from a bus stop by
her ex-boyfriend, appellant.  Appellant and the complainant had been in a
relationship for approximately seven years, and had a son together.  The
complainant had since gone on to marry another man, Olatunji Logunleko.  She
had been married to Logunleko for nearly two months when the abduction took
place.  

The complainant had been on a bus traveling to work, when
she spotted appellant=s van following the bus.  The complainant
decided to get off the bus and go back home, so that appellant would not know
where she worked.  However, she missed the bus that would have taken her back
toward her home, and was left waiting at the bus stop. Appellant drove up to
the bus stop, and, despite the complainant=s protestations, put
her into his van and drove back to his home.  During this entire time, the
complainant had been on and off the phone with her sister, who became
distressed at the situation and called the police.

After reaching appellant=s home, the
complainant was taken inside by appellant, where they remained until police
arrived.  The police surrounded appellant=s home, and tried
to look into the home=s windows to learn whether the complainant
was in danger.  The police believed that they saw appellant=s genitals exposed
through the window, and began knocking on the door and windows.  Appellant
answered the door, and the police separated him from the complainant.  The
complainant=s hair was mussed, and her pants and underwear were
torn.  The police questioned the complainant, and eventually arrested
appellant. 








Appellant was charged with attempted sexual assault,
enhanced by two prior felony convictions.  He pleaded not guilty, and the case
was tried to a jury.  The jury found appellant guilty of attempted sexual
assault, and the enhancement allegations true.  The same jury sentenced
appellant to eighty years in prison.

Analysis

I.        Objection
to Coercion in Court=s Instructions to
Jury Is Waived

A.      Court
Instructed the Jury to Continue Deliberations 

After the jury had retired for deliberations, it sent out a
note to the court indicating that it was stuck at eleven jurors for guilty and
one for not-guilty.  The trial court responded with an Allen charge,
informing the jury that if they could not reach a decision, a new jury would be
empaneled, and would be faced with the same evidence and questions. The Allen
charge also instructed the jury to continue deliberations in an effort to reach
a verdict acceptable to all jurors, if the jurors could do so without Adoing violence@ to their
consciences.  

Following the Allen charge, the jury sent out
another note, informing the court that the one hold-out for not-guilty felt as
though violence was being done to her conscience, and that they felt they were
done deliberating.  The court stated on the record that it intended to respond
with a note that simply said, APlease continue your deliberations.@  At this point
appellant=s attorney moved for a mistrial, saying AJudge, if I can, I=d like to place on
the record that I think the period of time of deliberations has now exceeded
the period of time that it took to introduce the evidence to the jury.  Based
upon that and the jury=s latest note, on behalf of Mr. Sapp, I feel
compelled to move for a mistrial at this time.@  This motion was
overruled and the note was sent.  Two additional notes were sent, echoing that
the jury was still stuck at eleven to one.  The court responded to both of
these with notes saying, APlease continue your deliberations.@   

B.      Appellant=s Complaint Was
Waived 

In his first issue on appeal, appellant contends that the
court=s instructions to
the jury following the Allen charge were coercive because the court knew
that there was only one hold-out for not-guilty, because the court knew that
the hold out felt she was having violence done to her conscience, and because
the instructions following the Allen charge did not contain any of the Allen
charge=s protective language regarding not doing violence to
one=s conscience. 

An objection or motion at trial must state the grounds for
the requested ruling with enough specificity to make the trial court aware of
the complaint, unless the grounds were apparent from the context.  Tex. R. App. P. 33.1(a)(1).  When an
appellant=s complaint on appeal does not comport with his
objection or motion in the trial court, the error is not preserved for review. 
See Swain v. State, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005). 
Appellant=s motion for mistrial only complained of coercion due
to the amount of time the jurors had been deliberating.  The motion did not
complain about the court=s instructions to the jury, or the fact
that the hold-out juror felt she was having violence done to her conscience. 
The motion generally referred to the note from the jury and said that due to
the time the jury had been deliberating, the court should declare a mistrial. 
This motion for mistrial differs from the complaint on appeal, and could not
have drawn the court=s attention to the error now alleged. 
Here, appellant complains specifically that the court did not include the
protective language of the Allen charge, which was especially harmful
when only a single holdout remained.  At trial, appellant=s counsel stated
the following: AJudge, if I can, I=d like to place on
the record that I think the period of time of deliberations has now exceeded
the period of time that it took to introduce the evidence to the jury.  Based
upon that and the jury=s latest note, on behalf of Mr. Sapp, I
feel compelled to move for a mistrial at this time.@  This objection
did not notify the court of its failure to include the Allen charge=s protective
language and the impact of that failure on the lone holdout.  See Tex. R. App. P. 33.1(a)(1);  Swain,
181 S.W.3d at 367.








II.       No Error
in Admitting Document 

In appellant=s second issue, he
complains of the admission of a document entitled AApplication for
Protective Order@ because it contained hearsay.  A timely
objection was made to the admission of the document on the grounds that the document
is based on hearsay.  Without any response from the State, the trial court
overruled the objection.  It is this ruling that is complained of in appellant=s second issue.

A.      Standard
of Review

We review a trial court=s admission of
evidence for an abuse of discretion.  Gordon v. State,  191
S.W.3d 721, 727 (Tex. App.CHouston [14 Dist.] 2006, no pet.) (citing
Martin v. State, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005)). If a party
raises an objection to hearsay testimony, the burden shifts to the offeror to
show the testimony is permissible pursuant to an exception to the hearsay
rule.  Cofield v. State, 891 S.W.2d 952, 954 (Tex. Crim. App. 1994). 
Even if an offered exception to the hearsay does not apply, we will affirm if
the evidence is admissible on any ground.  Kipp v. State, 876 S.W.2d
330, 337 (Tex. Crim. App. 1994).  

B.      Trial
Court Did Not Err in Admitting the Document

The Texas Rules of Evidence provide that hearsay is Aa statement, other
than one made by the declarant while testifying at the trial or hearing,
offered in evidence to prove the truth of the matter asserted.@  Tex. R. Evid. 801(d).  The document in
question contains statements that appellant had engaged in conduct constituting
family violence under the Texas Family Code.  Such statements are hearsay if
they were offered for the truth of the matter asserted and do not fit within an
applicable exception. 








The State argues that the document was not hearsay because
it was not offered for the truth of the matter asserted, but rather to show
that the complainant wanted to limit her contact with appellant at or near the
time of the offense.  This would mean the offer was not for the truth of the
matter asserted but for a permissible purpose.  See Tex R. Evid. 801(d).  Even though the
purpose of the offer was not stated to the trial judgeCwho overruled the
objection without waiting for a response from the StateCwe must affirm,
given this ground of admissibility.  See Ortega v. State, 126 S.W.3d 618,
620 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).[2]

III.      Application
for Protective Order Was Relevant, and Any Rule 403 Objection Waived

Appellant=s third issue is that the application for
the protective order was not relevant.  An objection to relevance was raised at
the same time as the hearsay objection, and it was similarly overruled without
the benefit of any response by the State.  Again, we review the admission of
evidence under an abuse of discretion standard.  Gordon, 191 S.W.3d at
727. 

A piece of evidence is relevant if it has the tendency to
make the existence of any fact of consequence to the determination of the case
more or less probable than it would be without the evidence.  Tex. R. Evid. 401.  The application for
a protective order is some evidence that the complainant no longer wanted a
relationship, physical or otherwise, with appellant.  The question of whether
the encounter between appellant and the complainant was consensual is critical
to this case.  The request for a protective order provides some evidence that
the encounter was not consensual, based on the fact that the complainant went
so far as to seek court protection from appellant. The court did not abuse its
discretion in admitting the document over a relevancy objection.[3] 
Appellant=s third issue is overruled.  

IV.      No
Ineffective Assistance of Counsel Shown

Appellant=s fourth issue is that his trial counsel
provided ineffective assistance due to a failure to object to both the
application for a protective order and Obasi=s testimony of
complainant=s statements to police as violations of the
confrontation clause.  

A.      First
Element of Strickland Not Satisfied

To prevail on an ineffective assistance claim, appellant
must show: 1) counsel=s performance was deficient; and 2) the
deficiency was so prejudicial that it rendered the trial unfair.  Strickland
v. Washington, 466 U.S. 668, 687 (1984).  The first element
requires a showing that counsel=s representation fell below the objective
standard of professional norms.  Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).  The second element has been interpreted to mean that the
appellant must show a reasonable probability that, but for his counsel's
unprofessional errors, the result of the proceeding would have been different. 
Id.  A Areasonable probability@ is one sufficient
to undermine confidence in the outcome.  Id.   

The determination of effectiveness of counsel must be made
on the facts of each case.  Ex parte Scott, 581 S.W.2d 181, 182 (Tex.
Crim. App. [Panel Op.] 1979).  Allegations of ineffectiveness must be Afirmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999).  There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance.  Strickland,
466 U.S. at 689. Appellant has the burden to rebut this presumption, by a
preponderance of the evidence, with evidence illustrating trial counsel's
motives.  Green v. State, 191 S.W.3d 888, 894 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d) (citing Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994)). Rarely will a reviewing court have a
sufficient record on direct appeal to adequately reflect the failings of trial
counsel.  See Thompson, 9 S.W.3d at 813B14. 

 








1.       Record Is
Insufficient to Support Ineffective Assistance Claim

We do not decide here whether the evidence elicited
violated the confrontation clause or not.  Even if it were inadmissible under
the confrontation clause, appellant has failed to satisfy his burden to show
the unreasonableness of the trial counsel=s actions under Strickland. 
The admission of evidence, possibly inadmissible under the confrontation
clause, is not enough in and of itself to constitute error egregious enough to
satisfy the first prong of Strickland as a matter of law.  Appellant=s trial counsel
may have reasonably believed that the evidence was admissible in this case. 
For instance, he may have believed that a confrontation clause objection would
be overruled on the basis of forfeiture by wrongdoing on the part of
appellant.  Maybe he thought it more beneficial to let the objection pass,
rather than poison the judge against appellant by having evidence presented to
the court that appellant murdered the complainant.  Whether this entered his
mind or not, suffice it to say that plausible explanations exist as to why
appellant=s trial counsel chose not to object on confrontation
grounds to either piece of evidence.  Because the record before us contains no
evidence of trial counsel=s motives, we cannot say that appellant=s trial counsel
acted unreasonably.  See Jackson, 877 S.W.2d at 771; Green, 191
S.W.3d at 894.  Issue four is overruled. 

Conclusion

Having overruled each of appellant=s four issues for
review, we affirm the judgment of the trial court. 

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment rendered
and Substitute Memorandum Opinion filed June 21, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  We issue this substitute opinion in order to clarify
our discussion of appellant=s first issueCcoercion in the court=s instructions, and to reconsider our earlier disposition of appellant=s second issueCalleged
error in admitting hearsay.  





[2]  The State also argues that any hearsay objection was
forfeited by wrongdoing.  Because we find that the document was not hearsay, we
need not address this argument.





[3]  Appellant also attempts to raise a Rule 403
objection in his brief, arguing that the document was highly prejudicial and of
little probative value.  This objection was not raised at the trial court.  The
objection at trial was a general objection to relevancy. Such an objection is
insufficient to preserve error under Rule 403.  Montgomery v. State, 810
S.W.2d 372, 388 (Tex. Crim. App.1990) (op. on reh'g). Rather, a separate Rule
403 objection must be lodged to preserve the error. Id.  Appellant,
therefore, waived any error.