Salathiel Ashley GREEN, Appellant

v.

The STATE of Texas, Appellee.

Nos. 14–05–00148–CR, 14–05–00149–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 27, 2006.

Richard Frankoff, Houston, for appellants.

Shirley Cornelius, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and ANDERSON.

## OPINION

JOHN S. ANDERSON, Justice.

A jury convicted appellant, Salathiel Ashley Green, of two counts of aggravated sexual assault of a child and assessed punishment at forty years' confinement in the Texas Department of Criminal Justice, Institutional Division for each offense. *See* TEX. PEN.CODE ANN. § 22.021 (Vernon Supp.2005). Appellant appeals his conviction in six issues. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant taught a three-year-old daycare class at Children's World Learning Center. Two unrelated children in appellant's class, C.B. and S.H., independently accused appellant of improperly touching them. The parents of C.B. and S.H. notified the Center of their children's allegations on separate days without knowledge of the other allegation.

C.B. was fully toilet trained by the age of two and a half, but she began wetting herself a few months after entering appellant's class. She only wet herself while at school. When the wetting became excessive, C.B.'s mother took C.B. to a doctor. C.B. told the doctor "Brady" was scaring her at school, and she identified Brady as "Mr. Sal," the children's name for appellant. C.B. also told the doctor appellant touched her "butt" but pointed to her vaginal area, appellant used his finger, and it happened in the bathroom. When on the stand, C.B. testified this also happened while the class took their nap and the other children were asleep. C.B.'s mother waited a day to call the daycare because

she did not want to make an inappropriate allegation. Appellant was suspended pending an investigation.

Appellant occasionally babysat for S.H. in her home, and appellant attended S.H.'s birthday party. Two days before S.H.'s party, appellant brought S.H. her birthday presents, which consisted of four outfits, shoes, a watch, a Power Puff Girls toy, a pencil box with a picture of appellant and S.H., and a needlepoint. At her party, S.H. showed her gifts to her friends. When S.H.'s father saw the presents, he thought they were excessive and became concerned over appellant's demeanor. He told S.H.'s mother to have a good touch / bad touch conversation with S.H. and gave her direction on how to have that conversation without suggesting to S.H. what their concerns might be. When S.H. and her mother had that conversation, S.H. told her mother that "Mr. Sal" whispered in her ear, kissed her, and sang songs to her. S.H. also said appellant touched her chest and "rana," a term they use in their home for the female genitalia. S.H.'s mother called the Center the next day and learned appellant was not on vacation, as he had told them, but he was suspended due to the allegation previously made by another child, which was C.B.

During trial, the jury heard testimony from S.H. and C.B., their parents, their doctors, and various representatives of the Children's Assessment Center. Appellant also testified and denied touching either girl inappropriately. He testified if he had touched them inappropriately, it must have been an accident when he picked them up. Because appellant testified it may have been an accident, the State brought forth two rebuttal witnesses who testified about two other children who made allegations against appellant. One child made the allegation prior to C.B., and one child made the allegation after the Center sent a generic letter home to parents, not naming appellant or the charges against him. The jury found appellant guilty of both counts of aggravated sexual assault, and after hearing punishment evidence, it assessed punishment at forty years' confinement for each cause.

## DISCUSSION

### I. Limitation of Voir Dire

■ In his first issue, appellant contends the trial court erred when it restricted his trial counsel's voir dire. Specifically, appellant's trial counsel asked the venire panel, "In an appropriate case, a sexual assault of a minor, say the age range is two to four to five years old, and there's a conviction of sexual assault, can you consider probation?" Appellant's trial counsel later said, "we are not talking about 17–year–olds." The trial court sustained the prosecutor's objections to the question and statement. Appellant contends the inquiries were proper because they sought to explore facts that could give rise to a challenge for cause.

■ The trial court has broad discretion over the process of selecting a jury. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim.App.2002). Therefore, we will not disturb a trial court's ruling on the propriety of a particular question absent an abuse of discretion. *Id.* A trial court abuses its discretion only when it prohibits a proper question about a proper area of inquiry. *Id.* In determining whether a voir dire question calls for an improper commitment, the courts must make two inquiries: (1) whether the particular question is a commitment question; and (2) if the question gives rise to a challenge for cause, whether the question includes only those facts necessary to test whether the venire member is challengeable for cause. *Standefer v. State*, 59 S.W.3d 177, 182–83 (Tex.Crim.App.2001); *Tran v. State*, Nos.

14-03-01372-CR to 14-03-01374-CR, 2005 WL 2334828, at *5 (Tex.App.-Houston [14th Dist.] June 2, 2005, pet. ref'd).

■ Appellant cites *Lee v. State*, in support of the proposition that the age of the victim in an indecency with a child case is an essential fact necessary for explaining a hypothetical and appropriately challenging a venire member for cause. 176 S.W.3d 452, 461–62 (Tex.App.-Houston [1st Dist.] 2004, pet. granted). *Lee* is distinguishable from the facts of this case because the prosecutor in *Lee* only included facts in the indictment in the voir dire question, not those facts specific to the case at bar. *Id.* at 461. Here, appellant's trial counsel specified the approximate age of the child between two and five years old, while the indictment only specified a child under the age of 14. Even if a question would give rise to a challenge for cause, the question may be improper if it includes facts in addition to those necessary to establish a challenge for cause. *Sanchez v. State*, 165 S.W.3d 707, 712 (Tex.Crim.App.2005).

■ The State cites *Barajas v. State* in support of the proposition that consideration of a victim's age improperly commits venire members to assess or refrain from assessing punishment. 93 S.W.3d at 40. In reaching this holding, the *Barajas* court considered two questions propounded by the defense to the venire panel: (1) can venire members be fair and impartial in a case in which the victim was nine years old; and (2) can venire members consider probation in a case involving a victim who was eight to ten years old.[1] *Id.* at 37–38. The *Barajas* court held, if the defendant's purpose was to determine whether venire members would consider the victim's age in assessing punishment, the question was improper. *Id.* at 40. A party "may not seek to commit venire members to assess or refrain from assessing punishment" based on the age of the victim because the age of the victim is a permissible consideration during punishment. *Id.* In his reply brief, appellant argues an answer to the question would lead to a challenge for cause if the person had said "no," and therefore, the question should have been allowed. Appellant gives no indication why a venire member's answer to this question would support a challenge for cause other than committing venire members to assess or refrain from assessing punishment based on the age of the victim. If appellant intended the question to elicit whether the venire member would consider the full range of punishment, including probation, which would be a proper question, he failed to do so because he asked an improper commitment question. Therefore, we hold this issue is controlled by *Barajas* and overrule appellant's first issue.[2]

## II. Ineffective Assistance of Counsel

■ In issues two, three, four, and six, appellant claims ineffective assistance of trial counsel. The United States Supreme Court established a two-prong test

---

1. The second question in *Barajas* is almost identical to the question asked by appellant's counsel during voir dire: "In an appropriate case, sexual assault of a minor, say the age range is two to four to five years old, and there's a conviction of sexual assault, can you consider probation?"

2. Additionally, the *Barajas* court referred to its holding in *Standefer* when noting parties may not ask whether venire members can consider probation under particular facts of a case beyond the offenses charged in the indictment. *Barajas v. State*, 93 S.W.3d 36, 38 n. 1 (Tex.Crim.App.2002). As we have already discussed, the indictment in this case only refers to C.B. and S.H. as persons under the age of 14, not by their specific ages. Thus, the question becomes improper when using specific ages of the victim.

to determine whether counsel is ineffective. *Strickland v. Washington,* 466 U.S. 668, 687–95, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Crim.App.1986). Appellant must first demonstrate his counsel's performance was deficient and not reasonably effective. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064. Thereafter, appellant must demonstrate the deficient performance prejudiced his defense. *Id.* at 692, 104 S.Ct. at 2067. Essentially, appellant must identify specific acts or omissions of counsel that are alleged to constitute ineffective assistance and affirmatively prove his counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms. *See id.* at 690, 104 S.Ct. at 2066. Appellant must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068; *Valencia v. State,* 946 S.W.2d 81, 83 (Tex.Crim.App.1997). Judicial scrutiny of counsel's performance must be highly deferential, and we are to indulge the strong presumption that counsel was effective. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). We assume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *Id.* Moreover, appellant has the burden to rebut this presumption, by a preponderance of the evidence, with evidence illustrating trial counsel's motives. *Id.*

In appellant's ineffective assistance of counsel claims, he contends his trial counsel failed to object on four occasions: (1) when a lay witness gave expert opinion testimony; (2) when one complainant's mother testified about an inadmissible outcry of her daughter; (3) when one complainant's mother gave victim impact testimony during the guilt/innocence

phase; and (4) when one expert witness gave inadmissible hearsay testimony. For appellant to succeed on these claims, he must demonstrate the trial court would have erred in overruling the objection if trial counsel had objected. *Vaughn v. State,* 931 S.W.2d 564, 566 (Tex.Crim.App. 1996); *Oliva v. State,* 942 S.W.2d 727, 732 (Tex.App.-Houston [14th Dist.] 1997), *pet. dism'd,* 991 S.W.2d 803 (Tex.Crim.App. 1998). There may also have been strategic reasons for trial counsel's failure to object on these four occasions, and we may not speculate on counsel's motives in the face of a silent record. *See Thompson, v. State,* 9 S.W.3d 808, 814 (Tex.Crim.App. 1999).

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State,* 77 S.W.3d 828, 835 (Tex.Crim.App. 2002); *Thompson,* 9 S.W.3d at 814. When the record is silent about the motivations of counsel, we cannot conclude counsel's performance was deficient. *See Jackson,* 877 S.W.2d at 771. In such circumstances, appellant fails to rebut the presumption trial counsel's decisions were reasonable. *Thompson,* 9 S.W.3d at 814. An appellate court is not required to speculate on trial counsel's actions when confronted with a silent record. *Jackson,* 877 S.W.2d at 771; *McCoy v. State,* 996 S.W.2d 896, 900 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). However, if a silent record clearly indicates no reasonable attorney could have made such trial decisions, to hold such counsel ineffective is not speculation. *See Vasquez v. State,* 830 S.W.2d 948, 950–51 (Tex.Crim.App.1992).

Here, appellant filed a motion for new trial and raised ineffective assistance of counsel as one issue, and in the hearing on that motion, appellant's two trial attorneys testified about several topics, mostly cen-

tering around trial preparation. At no time during this hearing did appellant's trial attorneys testify about their motivations for not objecting on these four particular occasions. During the hearing on the motion for new trial, the trial judge told appellant's appellate counsel he had ten minutes remaining and could supplement the record with an affidavit, but no affidavit appears in the record before this court.

 In the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland* because the reasonableness of counsel's choices often involve facts not appearing in the appellate record. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App.2003). The record in this case is undeveloped and does not adequately reflect the motives behind trial counsel's actions to not object on these four occasions. Without any more information in the record before us, we would be improperly speculating about why trial counsel did not object. *See Ortiz v. State*, 93 S.W.3d 79, 95 (Tex.Crim.App. 2002) (refusing to speculate on trial counsel's failure to object to hearsay testimony when trial counsel's reasons do not appear in the record); *Thompson*, 9 S.W.3d at 814 (refusing to speculate on trial counsel's failure to object in light of a silent record). Furthermore, isolated failures to object to improper evidence generally do not constitute ineffective assistance of counsel. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim.App.1984); *Moore v. State*, 4 S.W.3d 269, 275 (Tex. App.-Houston [14th Dist.] 1999, no pet.). We must presume trial counsel had plausible reasons for their actions. Because appellant has failed to bring forward evidence rebutting that presumption, we are unable to conclude trial counsel's performance was deficient. We overrule issues two, three, four, and six.

### III. Hearsay Testimony

In his fifth issue, appellant contends the trial court erred in admitting hearsay testimony of Dr. Margaret McNeese. Dr. McNeese is the medical director at the Children's Assessment Center, which investigates allegations of sexual abuse, and she testified she examined S.H. for signs of sexual abuse for the purpose of medical diagnosis and treatment. During the interview portion of the examination, S.H. told Dr. McNeese that Mr. Sal touched S.H. and told S.H. not to tell. S.H. also pointed to her own vagina when Dr. McNeese asked S.H. where she had been touched. Appellant obtained a running objection to this entire testimony.

 An appellate court will reverse a trial court's decision to admit evidence only for an abuse of discretion. *Ho v. State*, 171 S.W.3d 295, 302 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd). The abuse of discretion standard requires an appellate court to uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Robbins v. State*, 88 S.W.3d 256, 260 (Tex.Crim.App.2002).

 Statements by a suspected victim of child abuse about the cause and source of the child's injuries are admissible under an exception to the rule against hearsay pursuant to Texas Rules of Evidence 803(4). Tex.R. Evid. 803(4); *Gregory v. State*, 56 S.W.3d 164, 183 (Tex.App.-Houston [14th Dist.] 2001, pet. dism'd). Rule 803(4) provides an exception to the hearsay rule for "[s]tatements made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." Tex.R. Evid. 803(4). Appellant contends, to qualify for this exception, the

out of court declarant must be aware the statements are used for medical diagnosis and treatment, and the statements made here by S.H. are inadmissible because the trial court made no inquiry about whether S.H. understood the purpose of her statements to Dr. McNeese. Appellant is correct that awareness of the purpose of the statement creates an inherent reliability in what is said, but no requirement exists for the witness to expressly state that the young child verbally acknowledge her awareness of the use of the statements. Rather, the court should consider whether the child had an appreciation for why the statements were made. *See Gohring v. State,* 967 S.W.2d 459, 462 (Tex.App.-Beaumont 1998, no pet.)

 In young children, the presumption of reliability that forms the basis of the hearsay exception may break down if the child does not understand the importance of being truthful. *Beheler v. State,* 3 S.W.3d 182, 188 (Tex.App.-Fort Worth 1999, pet. ref'd). To determine whether a young child understands the need to be honest when speaking with a doctor, the reviewing court must look to the record. *See Molina v. State,* 971 S.W.2d 676, 684 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd) (utilizing the entire record to determine whether a child of alleged sexual abuse appreciated the need to be truthful); *see also Beheler,* 3 S.W.3d at 188–89. Dr. McNeese testified she conducted an interview with S.H., which was used to make a diagnosis and hopefully treat S.H. Dr. McNeese asked S.H. why S.H. was there, and S.H. responded by shrugging her shoulders. Dr. McNeese then told S.H. that boys and girls sometimes come to see her because someone is worried they have been touched on their body where they do not want to be. S.H. responded, "He said not to tell" and told Dr. McNeese the details of who touched her and how she had been touched. Dr. McNeese also testified she believed S.H. was articulate when responding to questions. Dr. McNeese further testified about the procedure used during examinations and interviews to ensure she did not make suggestions to the child about what allegedly happened. Before S.H. testified, the prosecutor asked her several questions to ensure she understood the difference between the truth and a lie and why it was important to tell the truth. The court found her competent to testify.

This evidence is sufficient to support a finding that S.H. understood the need to be truthful. We hold the testimony by Dr. McNeese meets the requirements of hearsay exception 803(4) and the trial court did not abuse its discretion in admitting this testimony. Therefore, we overrule appellant's fifth issue.

### CONCLUSION

Having considered and overruled each of appellants six issues on appeal, we affirm the judgment of the trial court.