MEMORANDUM OPINION


No. 04-08-00326-CR



Robert Louis CONSTANCE,


Appellant



v.



The STATE of Texas,


Appellee



From the 399th Judicial District Court, Bexar County, Texas


Trial Court No. 2006-CR-3199


Honorable Robert Barton, Judge Presiding (1)



Opinion by: Phylis J. Speedlin, Justice


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: May 27, 2009


AFFIRMED

 Robert Constance appeals his convictions by a jury for two counts of indecency with a child
by contact and two counts of aggravated sexual assault of a child. The jury assessed Constance's
punishment at 20 years confinement for each of his indecency with a child convictions and 40 years
confinement for each of his aggravated sexual assault convictions. For each of the offenses
Constance committed, the jury also fined him $10,000. Constance claims the evidence is factually
insufficient to support his convictions and that the trial court erred in admitting a prosecutorial
exhibit containing inadmissible hearsay statements. We affirm the judgment of the trial court.

Background

 W.E.M. lived with her mother, Annelle, and her mother's boyfriend, Constance. After
Constance moved in with Annelle and her daughter, W.E.M. began having problems at school. 
Specifically, W.E.M. started to act out and touch her classmates inappropriately. School officials
became concerned with W.E.M.'s behavior and contacted Child Protective Services ("CPS"). CPS
investigated the matter, but did not discover any evidence of sexual abuse. Constance continued to
reside with Annelle and W.E.M. following CPS's investigation.

 In late December 2005, W.E.M. disclosed to her mother that she had a secret about
Constance. W.E.M. revealed to Annelle that Constance had made her perform oral sex on him. 
Annelle confronted Constance about what she had learned from her daughter, but Constance denied
W.E.M.'s allegations. Constance further told Annelle that her daughter had walked in on him while
he was masturbating one time and suggested W.E.M. may have learned about sex from her
classmates. Although Annelle asked Constance to move out following the accusations by W.E.M.,
she did not report Constance's abuse of her daughter to police. 

 W.E.M. eventually revealed her secret to school officials, who immediately contacted CPS. 
The authorities were later contacted and Constance was arrested for sexually abusing W.E.M. 
Constance was then charged with committing indecency with a child by contact and aggravated
sexual assault of a child in a multi-count indictment. 

 Constance pleaded not guilty and proceeded to a jury trial. The jury heard the testimony of
several witnesses, including W.E.M. W.E.M. testified about the first time Constance sexually
abused her. W.E.M. explained Constance called her into his bedroom one morning, where he was
naked and waiting for her on his bed. W.E.M. testified she tried to walk away from Constance, but
he grabbed her and placed her on the bed with him. Constance then made W.E.M. perform oral sex
on him until he ejaculated. W.E.M. indicated Constance had made her perform oral sex on him and
place her hands onto his penis on numerous other occasions. 

 W.E.M. testified her grandmother disliked Constance. Although her grandmother disliked
Constance, W.E.M. stated her grandmother never told her to "tell lies about [Constance]." W.E.M.
also stated her mother had not influenced her to "tell lies about [Constance]." According to W.E.M.,
"the stuff that [she was] telling the jury . . . is the stuff that really happened to [her]."

 W.E.M.'s mother, Annelle, also testified at trial. Annelle stated she met Constance several
years after W.E.M.'s father had died. She indicated Constance moved in with her after a couple of
months of dating. Annelle testified W.E.M.'s grandmother moved out of her home after Constance
began residing in the home because she disliked Constance. Annelle stated W.E.M.'s grandmother
expressed concerns about Constance after he got upset and refused to let her take W.E.M. to visit
her cousins. Annelle admitted she initially had a hard time believing Constance had abused her
daughter, but stated she ultimately believed W.E.M. because her daughter "could not come up with
those details without having experienced it."

 Several individuals from W.E.M.'s school also testified at trial. These witnesses testified
about their observations of W.E.M. at school as well as their concerns about W.E.M.'s relationship
with Constance. The State also presented the testimony of Dr. Nancy Kellogg, the medical director
of an organization that provides services to the victims of sexual abuse. Dr. Kellogg's testimony
essentially provided the jury with details about W.E.M.'s medical examinations following her outcry.

 Lastly, the jury heard Constance testify in his own defense. Constance testified he neither
caused W.E.M. to have contact with his penis nor inserted his penis into her mouth. According to
Constance, he believed W.E.M.'s grandmother coached W.E.M. to raise the abuse allegations against
him. He admitted W.E.M. witnessed him masturbating, but claimed she did not see him
manipulating his penis. Constance stated he covered himself upon W.E.M. surprising him, and had
a discussion with W.E.M. about the "birds and bees" following the incident. Although he had a
discussion about sex with W.E.M., Constance stated he never spoke to her about oral sex or how
masturbation is accomplished. 

 Following the testimony presented, the jury found Constance guilty of two counts of
indecency with a child and two counts of aggravated sexual assault of a child. The jury assessed
punishment at 20 years confinement for each of the indecency counts and 40 years confinement for
each count of aggravated sexual assault. The jury also assessed a $10,000 fine for each of
Constance's offenses. The trial court ordered Constance's sentences to run concurrently, and this
appeal followed.Sufficiency of the Evidence

 Constance claims the evidence is factually insufficient to support his convictions for 
indecency with a child by contact and aggravated sexual assault. He points out that the only direct
evidence against him is the testimony provided by W.E.M., whose grandmother disliked him and
had motive to persuade W.E.M. to fabricate her testimony. Constance argues the lack of evidence
corroborating W.E.M.'s testimony calls the validity of his convictions into question. 

 When considering a factual sufficiency challenge, we look at the evidence in a neutral light
giving almost complete deference to the jury's determinations of credibility. Lancon v. State, 253
S.W.3d 699, 705 (Tex. Crim. App. 2008). We reverse only if the evidence supporting the verdict
is so weak that the verdict seems clearly wrong and manifestly unjust or if the evidence supporting
the verdict is outweighed by the great weight and preponderance of the available evidence. Watson
v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

 A person commits the offense of aggravated sexual assault of a child if he intentionally or
knowingly causes the penetration of the mouth of a child by the sexual organ of the actor and the
child is younger than fourteen years of age. Tex. Penal Code Ann. § 22.021(a)(1)(B)(ii); (2)(B)
(Vernon 2003). A person commits the offense of indecency with a child if, with a child younger than
17 years and not the person's spouse, he engages in sexual contact with the child or causes the child
to engage in sexual contact. Id. § 21.11(a)(1). "Sexual contact" means any touching of any part of
the body of a child, including touching through clothing, with the anus, breast, or any part of the
genitals of a person. Id. at (c)(2).

 W.E.M. testified Constance would make her perform oral sex on him and cause her hands
to contact his penis. She further testified about multiple instances of misconduct by Constance. As
factfinder, the jury balanced W.E.M.'s testimony and demeanor with Constance's testimony and
demeanor when he denied any possible sexual misconduct on his part. The jury was in the best
position to evaluate the credibility of the witnesses and was entitled to resolve any credibility issues
against Constance. See Lancon, 253 S.W.3d at 705; see also Stogiera v. State, 191 S.W.3d 194, 196
(Tex. App.--San Antonio 2005, no pet.) (recognizing the jury evaluates the credibility and demeanor
of witnesses and determines the weight afforded contradicting testimony). Although Constance
complains about the State's failure to present any evidence to corroborate W.E.M.'s allegations,
there is no requirement that a child victim's testimony be corroborated. It is well settled "[t]he
testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault
or indecency with a child." Scott v. State, 202 S.W.3d 405, 408 (Tex. App.--Texarkana 2006, pet.
ref'd). Viewing the evidence in a neutral light, we cannot say the evidence is so weak that the
verdict seems clearly wrong or manifestly unjust or that the proof of guilt is against the great weight
and preponderance of the evidence. We therefore conclude the evidence is factually sufficient to
support Constance's convictions and overrule Constance's first appellate issue.

Erroneous Admission of Evidence

 Constance also contends the trial court erred in admitting a prosecutorial exhibit containing
inadmissible hearsay evidence. Specifically, Constance complains about the admission of State's
Exhibit 4, which are records of the examinations performed by medical personnel following
W.E.M.'s outcry. Constance objected to the trial court's admission of W.E.M.'s medical records
because they referred to the statements W.E.M. made to medical personnel about Constance's sexual
misconduct.

 We review a trial court's ruling on the admissibility of evidence under an abuse of discretion
standard. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Under an abuse of
discretion standard of review, we must uphold the trial court's ruling if it was within the zone of
reasonable disagreement. Id. In addition, we "must review the trial court's ruling in light of what
was before the trial court at the time the ruling was made." Id. 

 "Statements by a suspected victim of child abuse about the cause and source of the child's
injuries are admissible under an exception to the rule against hearsay pursuant to Texas Rules of
Evidence 803(4)," which provides an exception to the hearsay rule for "[s]tatements made for the
purposes of medical diagnosis or treatment and describing medical history, or past or present
symptoms, pain, or sensations, or the inception or general character of the cause or external source
thereof insofar as reasonably pertinent to diagnosis or treatment." Green v. State, 191 S.W.3d 888,
895 (Tex. App.--Houston [14th Dist.] 2006, pet. ref'd). To qualify for this exception, the suspected
child abuse victim must understand the importance of being truthful with medical personnel. Id. at
896. Courts should therefore "consider whether the child had an appreciation for why the statements
were made" when determining the applicability of this hearsay exception. Id.

 Here, the record shows that when W.E.M. met with medical personnel following her outcry,
she acknowledged she was there because "[Constance] did something bad to me . . . he made me
suck his peepee." She also acknowledged to medical personnel that she was told by Constance not
to tell anyone about their sexual activities because he could go to jail if she did. This evidence is
sufficient to support a finding that W.E.M. understood the need to be truthful. Accordingly, we
conclude the statements contained within State's Exhibit 4 comply with Rule 803(4) and hold the
trial court did not abuse its discretion in admitting the evidence. Constance's second appellate issue
is therefore overruled.

Conclusion

 Based on the foregoing, the judgment of the trial court is affirmed.


 Phylis J. Speedlin, Justice


Do not publish 
1. Sitting for the Honorable Juanita Vasquez-Gardner.