Affirmed
and Memorandum Opinion filed October 8, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00183-CR

____________

 

GABRIEL TORRES SALINAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 240th
District Court

Fort Bend County, Texas

Trial Court Cause No. 43,968

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant Gabriel Torres
Salinas guilty of aggravated sexual assault of a child and the trial judge
assessed punishment at thirty-six years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  On
appeal, Salinas contends that the trial court reversibly erred in allowing a
pediatrician to testify concerning delayed outcry in children.  For the reasons
explained below, we affirm.

 








I

Salinas does not challenge the sufficiency
of the evidence.  The State alleged that in September 1999, when the
complainant, O.A., was nine years old, her mother, Andrea Rodriguez, invited
Salinas to live with them in the two-bedroom apartment they shared with O.A.=s little brother
and Rodriguez=s sister.  On or around November 1 of that year, O.A.
was asleep in one of the bedrooms when Salinas woke her up and sexually
assaulted her.  Later, when Rodriguez came home, O.A. did not tell her what had
happened because she was scared and afraid that her mother would be ashamed of
her.  In January 2000, Salinas moved out of the apartment.  Shortly after that,
O.A. told her best friend Crystal what Salinas had done to her, but she made
Crystal promise not to tell anyone.[1] 
Several years later, O.A. told her cousin Erica, but also made her promise not
to tell anyone.  Finally, in February 2006, on her sixteenth birthday, O.A.
told her mother that Salinas had raped her.  At first Rodriguez did not believe
her, but later she apologized and informed O.A.=s school counselor
about the rape.  The counselor contacted the authorities and Salinas was
charged with aggravated sexual assault of a child.  At the time of trial, O.A.
was seventeen years old.

In connection with the rape allegation,
the Fort Bend Child Advocacy Center referred O.A. to Dr. Rebecca Girardet for a
medical evaluation.  At trial, Dr. Girardet explained that she was a
pediatrician employed at the University of Texas Medical School in Houston and
that she specialized in child maltreatment.  She testified that she was
experienced in examining children who have made sexual-abuse allegations, that
she had examined over a thousand such children, and that she was considered to
be an expert in issues surrounding sexual abuse.  Dr. Girardet explained the
examination process generally and her examination of O.A.  Among other things,
Dr. Girardet testified that O.A. told her that Salinas had raped her one time
when she was nine years old.  








On appeal, Salinas complains about the
following exchange between the prosecutor and Dr. Girardet concerning delayed
outcry:

Q [Prosecutor]:  Dr. Girardet, in
your experience, with over thousands of children you have personally examined
and the research you have read and participated in, would you say a lot of
children make a delayed outcry?

[Defense counsel]: 
Objection.  I don=t think the witness has been
qualified as an expert in any kind of psychology or psychiatry.

[The Court]:  Overruled.  You can finish the question.

Q [Prosecutor]:  In your experience, do children always tell right
away?

A:  In my experience, no.  A lot of children do make a delayed outcry.

Q [Prosecutor]:  And based on your
training and experience and your information you=ve been given from some of the children you=ve examined who have made a delayed
outcry, do you have an opinion as to why children don=t always tell right away?

[Defense Counsel]: 
Same objection.

* * *

[The Court]: 
Overruled.

A: 
Sometimes children are threatened and told they shouldn=t tell about the
abuse.  Sometimes children have been made to feel ashamed by  - - that it=s their fault or
that they=re dirty because this has happened to them.  So, they=re afraid or
ashamed is often why there=s a delayed outcry.

The prosecutor then asked Dr. Girardet what fears
children had expressed to her as a reason for delaying outcry.  Dr. Girardet
testified without objection that some children have expressed fear arising from
threats, fear of getting into trouble, or fear of not being believed.  She also
testified that some children had told an adult who did not do anything about
it.[2]









II

Salinas contends that the trial court
abused its discretion in admitting Dr. Girardet=s testimony
because she was not qualified to opine on the psychology of delayed outcry and
because the record does not reflect that she has any knowledge, training, or
expertise in this area.  We apply the abuse-of-discretion standard to review a
trial court=s decision on whether to allow expert testimony.  See
Gallo v. State, 239 S.W.3d 757, 765 (Tex. Crim. App. 2007), cert. denied,
128 S. Ct. 2872 (2008); see also In re E.C.L., 278 S.W.3d 510,
518 (Tex. App.CHouston [14th Dist.] 2009, pet. denied).  Before
reversing the trial court=s decision, we must find that the trial
court=s ruling was so
clearly wrong as to lie outside the realm within which reasonable people might
disagree.  Taylor v. State, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); Green
v. State, 191 S.W.3d 888, 895 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d).

A

The Court of Criminal Appeals has held
that a trial court must make three separate inquiries in determining whether it
should admit expert testimony: (1) Does the witness qualify as an expert by
reason of his knowledge, skill, experience, training, or education; (2) is the
subject matter of the testimony an appropriate one for expert testimony; and
(3) will admitting the testimony actually assist the fact‑finder in
deciding the case?  See Vela v. State, 209 S.W.3d 128, 130B31 (Tex. Crim.
App. 2006) (relying on Tex. R. Evid. 104(a), 401, 402, and 702, and quoting Rodgers
v. State, 205 S.W.3d 525, 527 (Tex. Crim. App. 2006)).  These conditions are
commonly referred to as qualification, reliability, and relevance.  Id.
at 131.  In the present case, we are concerned only with qualification.








Because a witness will not always qualify
as an expert merely by virtue of a general background, qualification is a two‑step
inquiry.  Vela, 209 S.W.3d at 131.  A witness must first have a
sufficient background in a particular field; but a trial judge must then
determine whether that background A>goes to the very
matter on which [the witness] is to give an opinion.=@  Id.
(quoting Broders v. Heise, 924 S.W.2d 148, 153 (Tex. 1996)).  The
proponent also must A>establish that the
expert has >knowledge, skill, experience, training, or education= regarding the
specific issue before the court which would qualify the expert to give an
opinion on that particular subject.=@  Id. at
132.  Just as the subject matter of an expert=s testimony should
be tailored to the facts of a case, the expert=s background must
be tailored to the specific area of expertise about which he intends to
testify.  Id. at 133.

B

The prosecutor first asked whether, in Dr.
Girardet=s personal
experience, many children who have been sexually assaulted make a delayed
outcry.  Dr. Girardet had testified earlier that she had examined over a
thousand sexually abused children, and her answer was based on her personal
experience over the course of her practice.  Therefore, this question was not
one that required her to express an opinion on the psychological or social
reasons for a child to delay her outcry.  See Barnes v. State,
165 S.W.3d 75, 83 (Tex. App.CAustin 2005, no pet.) (physician=s testimony
concerning differences in delay of outcry by children abused by family members
or strangers did not constitute expert opinion because question asked physician
to state what she had observed during the course of her career).

The question that followedCwhether Dr.
Girardet had an opinion as to why children delay outcryCarguably extended
beyond merely inquiring into Dr. Girardet=s personal
experience with children who delay outcry.  Therefore, we will consider whether
Dr. Girardet was qualified to opine concerning the reasons why children may
delay outcry.








In Vela v. State, the court
recognized there was no validity to the notion that every licensed medical
doctor should be automatically qualified to testify as an expert on every
medical question.  209 S.W.3d at 132.  Rather, the proponent of the testimony
must establish that the expert has knowledge, skill, experience, training, or
education regarding the specific issue before the court which would qualify the
expert to give an opinion on that particular subject.  Id. 
Consequently, the focus of the inquiry is on the Afit@ between the
subject matter at issue and the expert=s familiarity with
it.  Id. at 133.  The expert=s background must
be tailored to the specific area of expertise in which the expert desires to
testify.  Id.

Here, Dr. Girardet, a pediatrician and
specialist in child maltreatment, has published research in the area of
maltreatment, particularly in the area of child abuse.  She has personally
examined over one thousand children and is considered an expert in the area of
sexual abuse.  Also, Dr. Girardet=s ten-page
curriculum vitae, which was admitted into evidence without objection, reflects
her extensive training, skills, education, experience, and publications in the
area of child sexual abuse.  The prosecutor specifically requested Dr. Girardet=s opinion based on
her training and experience, as well as her examinations of children who have
made a delayed outcry for an opinion on why sexually abused children may delay
outcry.  We hold that this question, as posed, did not require a greater or
more specific degree of expertise in the psychology or sociology of sexually
abused children than possessed by Dr. Girardet.[3] 
Moreover, Dr. Girardet=s testimony would assist the jury in
understanding why children may delay reporting sexual abuse.  See Tex.
R. Evid. 702; Vela, 209 S.W.3d at 131; Barnes, 165 S.W.3d at 83. 
On this record, therefore, we cannot say that the trial abused its discretion
by admitting Dr. Girardet=s testimony.  

* * *

We overrule Salinas=s issue and affirm
the trial court=s judgment.

 

 

/s/      Jeffrey
V. Brown

Justice

 

Panel consists of Justice Seymore and Justices Brown and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  When O.A. told Crystal, Crystal suggested that they
tell O.A.=s aunt, and so Crystal and O.A. went to the aunt=s bedroom and told her what had happened.  But the
aunt, who Ahad a drinking problem,@ apparently took no action in response.





[2]  The State contends that even if the objected-to
testimony was erroneously admitted, any error is harmless because Dr. Girardet
subsequently testified without objection to the same evidence.  See Saldano
v. State, 232 S.W.3d 77, 102 (Tex. Crim. App. 2007).  Over objection, Dr.
Girardet opined that fear and shame were reasons that children delayed outcry. 
But in the subsequent question, the prosecutor merely asked Dr. Girardet to
recount some of the reasons children had given her for being afraid.  The prosecutor
did not ask for Dr. Girardet=s opinion, and
she did not inquire further into shame as a reason for delayed outcry.  Given
the differences in the questions asked and the testimony given, we decline to
hold that Salinas failed to preserve error and we address the merits of his
issue.





[3]  This opinion should not be read to authorize similarly
qualified medical personnel to opine on any matter relating to the
psychological or social effects of child sexual assault.  Our holding is
limited to the facts of this case.