Opinion filed June 14, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00178-CR

                                                    __________

 

                                  DON
DAVID CARSON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                       On
Appeal from the County Court

                                                          Navarro
County, Texas

                                                      Trial
Court Cause No. 62264

 



 

                                            M
E M O R A N D U M   O P I N I O N

Don
David Carson appeals his conviction by the court for the offense of driving
while intoxicated.  Based upon an agreement, the trial court assessed his
punishment at 180 days confinement in the Navarro County Jail and a fine of
$750.  Imposition of the sentence was suspended, and Carson was placed on
community supervision for a period of eighteen months.   Carson contends in
four points on appeal that the evidence is legally and factually insufficient
to support his conviction; that the trial court erred by not properly
admonishing him as to his right to a jury trial both as to guilt and innocence
and as to punishment and by not questioning him as to whether his waiver was
voluntary both as to the guilt and innocence phase and the punishment phase; that
the trial court erred by admitting State’s Exhibit No. 5, a lab report from the
Texas Department of Public Safety in Waco, accompanied by an attached affidavit
from Lindsey Hatfield; and that he was denied effective assistance of counsel
because his counsel failed to present a defense witness to testify regarding
retrograde extrapolation, to conduct cross-examination of State’s expert
witness Sergeant Kenneth William Authier, or to request a continuance.  We
affirm.

           Carson urges in Point Two that the evidence is legally and
factually insufficient to support his conviction.  We
review a sufficiency of the evidence issue, regardless of whether it is
denominated as a legal or as a factual sufficiency claim, under the standard of
review set forth in Jackson v. Virginia, 443 U.S. 307 (1979).  Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); Polk v. State,
337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref’d). Under the Jackson
standard, we examine all of the evidence in the light most favorable to the
verdict and determine whether, based on that evidence and any reasonable
inferences from it, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson, 443 U.S. at
319; Isassi v. State, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  

Trooper
Phil Stambaugh testified that, on July 6, 2008, he was at a Shell Station at US 287
and I-45 when Carson drove by honking his horn.  He indicated that, after
following Carson’s vehicle, he stopped him because he was speeding.  He related
that, when he approached the driver’s side of Carson’s vehicle, he could smell
the odor of alcoholic beverage in the vehicle and that Carson stated he had
been drinking.  Trooper Stambaugh also related that Carson’s eyes were glassy,
red, and bloodshot.  He stated that he conducted several field sobriety tests. 
Trooper Stambaugh confirmed that, after arresting Carson, he first took him to
the hospital to obtain a sample of his blood.  The sample of his blood taken at
the hospital contained 0.09 grams of alcohol per 100 milliliters of blood.  We
hold that the evidence is sufficient to support Carson’s conviction for driving
while intoxicated.  

Carson
insists that the evidence was insufficient because Trooper Stambaugh
acknowledged that he had not conducted the horizontal gaze nystagmus test
exactly as it appeared in the training manual because each pass did not take
approximately four seconds.   Trooper Stambaugh indicated that he was fast that
night on the first two passes but that he believed he was right at four seconds
on the second two.  Trooper Stambaugh also acknowledged that it was possible
that Carson’s performance on the walk-and-turn and one-leg stand tests would have
been due to his being overweight and out of shape and not necessarily because
of intoxication.  Despite this testimony by Trooper Stambaugh, we remain
convinced that the overall evidence was sufficient to support the conviction. 
We overrule Point Two.

Carson
insists in Point One that the trial court erred by not properly admonishing him
of his right to a jury trial, both as to guilt and innocence as well as
punishment, and by not questioning him as to whether his waiver of a jury was voluntary
as to both phases of his trial.  Prior to commencement of the trial before the
court, the parties filed a Waiver of Right to Jury Trial.  In that document,
which was signed by Carson, his attorney, and the attorney for the State,
Carson acknowledged: “I am represented by counsel in this cause, and my counsel
has advised me that under the constitutions of the United States and Texas, I
have the right to have my case tried by a jury.  Upon the entry of my plea in
this cause, I hereby waive my right to a jury trial in this proceeding.”  By
virtue of this document having been filed, we know of no requirement that the
trial court further question or admonish the defendant as to his right to a
jury trial or the voluntariness of his waiver.  Carson seeks to rely upon the
requirement of Article 26.13(b) of the Texas Code of Criminal Procedure that
the trial court not accept a plea of guilty or nolo contendere unless it
appears that the defendant is mentally competent and the plea is free and
voluntary.  See Tex. Code Crim.
Proc. Ann. art. 26.13(b)
(West Supp. 2011).  We first note that this provision has no application here
because Carson entered a not guilty plea, not a plea of guilty or nolo
contendere.   We also note that both Carson and his counsel represented to the
court that Carson was aware of his right to a jury trial and that he wished to
waive that right.  We overrule Point One.

Carson
contends in Point Three that the trial court erred by admitting State’s Exhibit
No. 5, a lab report from the Texas Department of Public Safety Crime
Laboratory in Waco, into evidence because its admission violated his rights
under the Confrontation Clause of the United States Constitution.  The record
reflects that the State had timely filed a certificate of analysis prior to the
trial.  When a certificate of analysis that complies with Article 38.41 of the
Texas Code of Criminal Procedure is filed, the certificate is admissible in
evidence on behalf of the State without the necessity of the analyst appearing
in court unless the opposing party timely files a written objection to its use
with the clerk of the court and provides a copy of its objection by fax, hand
delivery, or certified mail, return receipt requested, to the offering party.  Tex. Code Crim. Proc. Ann. art. 38.41 (West 2005).  This statute allows for the
admission of such evidence without a witness only if the defendant has no objection. 
By failing to file an objection, as authorized, Carson has waived his right of
confrontation.  Referring to such statutes as Article 38.41, the United
States Supreme Court, in the case of Melendez-Diaz v. Massachusetts, 557
U.S. 305, 129 S.Ct. 2527 (2009), notes that there is no conceivable reason why
a defendant cannot be compelled to exercise his Confrontation Clause right
before trial.  557 U.S. at __, 129 S.Ct. at 2541. Consequently, we conclude
that, because Carson failed to exercise his Confrontation Clause right prior to
trial, the trial court did not err in admitting State’s Exhibit No. 5.  We
overrule Point Three.

Carson
suggests in Point Four that he was denied the effective assistance of counsel
because his counsel failed to present a witness to testify regarding retrograde
extrapolation, conduct cross-examination of State’s expert witness Sergeant
Authier, or request a continuance.  In his brief, Carson
adds that his counsel was ineffective for failing to object before trial to the
admission of State’s Exhibit No. 5 without a witness.  In order to determine whether appellant’s trial counsel rendered ineffective
assistance, we must first determine whether appellant has shown that counsel’s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel’s errors.  Wiggins v. Smith,
539 U.S. 510 (2003); Strickland v. Washington, 466 U.S. 668 (1984); Andrews
v. State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Thompson v. State, 9
S.W.3d 808 (Tex. Crim. App. 1999).  We must indulge
a strong presumption that counsel’s conduct fell within the wide range of
reasonable professional assistance, and appellant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound
trial strategy.  Strickland, 466 U.S. at 689; Tong v. State,
25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  “[C]ounsel
is strongly presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment.”  Strickland,
466 U.S. at 690.  

            An allegation
of ineffective assistance must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.  Thompson,
9 S.W.3d at 814.  Under normal circumstances, the
record on direct appeal will not be sufficient to show that counsel’s
representation was so deficient and so lacking as to overcome the presumption
that counsel’s conduct was reasonable and professional.  Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 
Rarely will the record on direct appeal contain sufficient information to permit
a reviewing court to fairly evaluate the merits of such a serious allegation.  Id. 
In light of these limitations, it is well settled that claims of ineffective
assistance of counsel
should usually not be raised on direct appeal because the record is often
undeveloped.  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim.
App. 2005); Andrews, 159 S.W.3d at 103; Thompson, 9 S.W.3d at 813–14

            Carson claims that his trial counsel rendered ineffective assistance
of counsel by
failing to present a defense witness to testify regarding retrograde
extrapolation, by failing to conduct cross-examination of State’s expert
witness Sergeant Authier, by failing to request a continuance, and by failing
to file a pretrial objection to the admission of State’s Exhibit No. 5 without
a witness.  Appellant did not raise these claims in a motion for new trial. 
Therefore, he did not present any evidence to the trial court in support of
them.  The record is silent as to why Carson’s trial counsel did not present a
witness to testify regarding retrograde extrapolation, did not conduct
cross-examination of Sergeant Authier, did not request a continuance, and did
not file a pretrial objection to the admission of State’s Exhibit No. 5 without
a witness.  Because the record contains no evidence of the reasoning behind
trial counsel’s actions, we cannot conclude that counsel’s performance was
deficient.  Thus, Carson has failed to overcome the
presumption that his trial counsel’s conduct was reasonable and professional.  Bone,
77 S.W.3d at 833; Green v. State, 191 S.W.3d 888, 894–95 (Tex.
App.—Houston [14th Dist.] 2006, pet. ref’d)
(Because the defendant failed to present evidence rebutting the presumption
that trial counsel had plausible reasons for their actions, the court could not
conclude that their performance was deficient.).  We overrule Point Four. 

            The judgment of the trial court is affirmed.
              

 

                                                                                    PER
CURIAM 

 

June 14, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[1]


 

 









                [1]John
G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort
Worth, sitting by assignment.