**Opinion filed June 14, 2012**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00178-CR

_____

## DON DAVID CARSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the County Court**
**Navarro County, Texas**
**Trial Court Cause No. 62264**

### M E M O R A N D U M   O P I N I O N

Don David Carson appeals his conviction by the court for the offense of driving while intoxicated. Based upon an agreement, the trial court assessed his punishment at 180 days confinement in the Navarro County Jail and a fine of $750. Imposition of the sentence was suspended, and Carson was placed on community supervision for a period of eighteen months. Carson contends in four points on appeal that the evidence is legally and factually insufficient to support his conviction; that the trial court erred by not properly admonishing him as to his right to a jury trial both as to guilt and innocence and as to punishment and by not questioning him as to whether his waiver was voluntary both as to the guilt and innocence phase and the punishment phase; that the trial court erred by admitting State's Exhibit No. 5, a lab report from the Texas

Department of Public Safety in Waco, accompanied by an attached affidavit from Lindsey Hatfield; and that he was denied effective assistance of counsel because his counsel failed to present a defense witness to testify regarding retrograde extrapolation, to conduct cross-examination of State's expert witness Sergeant Kenneth William Authier, or to request a continuance. We affirm.

Carson urges in Point Two that the evidence is legally and factually insufficient to support his conviction. We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or as a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Trooper Phil Stambaugh testified that, on July 6, 2008, he was at a Shell Station at US 287 and I-45 when Carson drove by honking his horn. He indicated that, after following Carson's vehicle, he stopped him because he was speeding. He related that, when he approached the driver's side of Carson's vehicle, he could smell the odor of alcoholic beverage in the vehicle and that Carson stated he had been drinking. Trooper Stambaugh also related that Carson's eyes were glassy, red, and bloodshot. He stated that he conducted several field sobriety tests. Trooper Stambaugh confirmed that, after arresting Carson, he first took him to the hospital to obtain a sample of his blood. The sample of his blood taken at the hospital contained 0.09 grams of alcohol per 100 milliliters of blood. We hold that the evidence is sufficient to support Carson's conviction for driving while intoxicated.

Carson insists that the evidence was insufficient because Trooper Stambaugh acknowledged that he had not conducted the horizontal gaze nystagmus test exactly as it appeared in the training manual because each pass did not take approximately four seconds. Trooper Stambaugh indicated that he was fast that night on the first two passes but that he believed he was right at four seconds on the second two. Trooper Stambaugh also acknowledged that it was possible that Carson's performance on the walk-and-turn and one-leg stand tests

2

would have been due to his being overweight and out of shape and not necessarily because of intoxication. Despite this testimony by Trooper Stambaugh, we remain convinced that the overall evidence was sufficient to support the conviction. We overrule Point Two.

Carson insists in Point One that the trial court erred by not properly admonishing him of his right to a jury trial, both as to guilt and innocence as well as punishment, and by not questioning him as to whether his waiver of a jury was voluntary as to both phases of his trial. Prior to commencement of the trial before the court, the parties filed a Waiver of Right to Jury Trial. In that document, which was signed by Carson, his attorney, and the attorney for the State, Carson acknowledged: "I am represented by counsel in this cause, and my counsel has advised me that under the constitutions of the United States and Texas, I have the right to have my case tried by a jury. Upon the entry of my plea in this cause, I hereby waive my right to a jury trial in this proceeding." By virtue of this document having been filed, we know of no requirement that the trial court further question or admonish the defendant as to his right to a jury trial or the voluntariness of his waiver. Carson seeks to rely upon the requirement of Article 26.13(b) of the Texas Code of Criminal Procedure that the trial court not accept a plea of guilty or nolo contendere unless it appears that the defendant is mentally competent and the plea is free and voluntary. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2011). We first note that this provision has no application here because Carson entered a not guilty plea, not a plea of guilty or nolo contendere. We also note that both Carson and his counsel represented to the court that Carson was aware of his right to a jury trial and that he wished to waive that right. We overrule Point One.

Carson contends in Point Three that the trial court erred by admitting State's Exhibit No. 5, a lab report from the Texas Department of Public Safety Crime Laboratory in Waco, into evidence because its admission violated his rights under the Confrontation Clause of the United States Constitution. The record reflects that the State had timely filed a certificate of analysis prior to the trial. When a certificate of analysis that complies with Article 38.41 of the Texas Code of Criminal Procedure is filed, the certificate is admissible in evidence on behalf of the State without the necessity of the analyst appearing in court unless the opposing party timely files a written objection to its use with the clerk of the court and provides a copy of its objection by fax, hand delivery, or certified mail, return receipt requested, to the offering party. TEX. CODE CRIM. PROC. ANN. art. 38.41 (West 2005). This statute allows for the admission of such

3

evidence without a witness only if the defendant has no objection. By failing to file an objection, as authorized, Carson has waived his right of confrontation. Referring to such statutes as Article 38.41, the United States Supreme Court, in the case of *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527 (2009), notes that there is no conceivable reason why a defendant cannot be compelled to exercise his Confrontation Clause right before trial. 557 U.S. at __, 129 S.Ct. at 2541. Consequently, we conclude that, because Carson failed to exercise his Confrontation Clause right prior to trial, the trial court did not err in admitting State's Exhibit No. 5. We overrule Point Three.

Carson suggests in Point Four that he was denied the effective assistance of counsel because his counsel failed to present a witness to testify regarding retrograde extrapolation, conduct cross-examination of State's expert witness Sergeant Authier, or request a continuance. In his brief, Carson adds that his counsel was ineffective for failing to object before trial to the admission of State's Exhibit No. 5 without a witness. In order to determine whether appellant's trial counsel rendered ineffective assistance, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the record on direct appeal contain sufficient information to

4

permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id.* In light of these limitations, it is well settled that claims of ineffective assistance of counsel should usually not be raised on direct appeal because the record is often undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Andrews*, 159 S.W.3d at 103; *Thompson*, 9 S.W.3d at 813–14

Carson claims that his trial counsel rendered ineffective assistance of counsel by failing to present a defense witness to testify regarding retrograde extrapolation, by failing to conduct cross-examination of State's expert witness Sergeant Authier, by failing to request a continuance, and by failing to file a pretrial objection to the admission of State's Exhibit No. 5 without a witness. Appellant did not raise these claims in a motion for new trial. Therefore, he did not present any evidence to the trial court in support of them. The record is silent as to why Carson's trial counsel did not present a witness to testify regarding retrograde extrapolation, did not conduct cross-examination of Sergeant Authier, did not request a continuance, and did not file a pretrial objection to the admission of State's Exhibit No. 5 without a witness. Because the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. Thus, Carson has failed to overcome the presumption that his trial counsel's conduct was reasonable and professional. *Bone*, 77 S.W.3d at 833; *Green v. State*, 191 S.W.3d 888, 894–95 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (Because the defendant failed to present evidence rebutting the presumption that trial counsel had plausible reasons for their actions, the court could not conclude that their performance was deficient.). We overrule Point Four.

The judgment of the trial court is affirmed.

PER CURIAM

June 14, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

5