**Opinion filed July 8, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-08-00277-CR
_____

## JIMMY DON BRUMBALOW SR., Appellant
## V.
## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR12736**

### M E M O R A N D U M   O P I N I O N

The jury convicted appellant, Jimmy Don Brumbalow Sr.,[1] of possession of methamphetamine and assessed his punishment at confinement for a term of ten years in the Institutional Division of the Texas Department of Criminal Justice. The jury additionally imposed a fine of $10,000. Appellant challenges his conviction in four issues. We affirm.

*Background Facts*

At approximately 9:00 p.m. on December 1, 2006, law enforcement officers received a report of a suspicious vehicle parked in the bay of a self-service car wash. Officer Brandon West of the Stephenville Police Department spoke with the driver of the vehicle while DPS Trooper Nick Duecker spoke with the person sitting in the front passenger seat. Trooper Duecker

---

[1]The indictment reflects appellant's name as Jimmy Don Brumbalow, and the judgment reflects appellant's name as Jimmy Don Brumbalow Sr. Appellant's name for the case herein is Jimmy Don Brumbalow Sr.

identified the passenger as appellant, and Officer West identified the driver as appellant's son, Jimmy Don Brumbalow Jr.

Officer West spoke with appellant's son outside of the vehicle. Officer West subsequently arrested appellant's son for possession of marihuana. Trooper Duecker also spoke with appellant outside of the vehicle. Trooper Duecker noticed that appellant had a package of cigarettes in his shirt pocket. Appellant granted Trooper Duecker's request to examine the cigarette pack. In addition to finding cigarettes in the pack, Trooper Duecker also found a plastic bag inside of the pack containing a substance that he believed was methamphetamine. Trooper Duecker testified that appellant was smoking the same kind of cigarette that was found inside the cigarette pack.

According to the officers, appellant denied ownership of the methamphetamine found in his pocket. Appellant's son, however, claimed ownership of the methamphetamine found in appellant's pocket. Appellant's son also stated to the officers that the amount of methamphetamine in appellant's pocket should not have been more than a gram. Laboratory analysis revealed that the methamphetamine found in the cigarette pack weighed 1.39 grams. A subsequent search of the vehicle also revealed the presence of a spoon in the backseat that contained residue from melted methamphetamine. The methamphetamine residue found on the spoon constituted .19 grams. Appellant's son subsequently pleaded guilty to possessing less than one gram of methamphetamine.

Appellant called his son as a witness during the guilt/innocence phase of the trial to testify that the methamphetamine in appellant's pocket belonged to the son and that appellant was unaware of its presence in the cigarette pack. Prior to the son's testimony, the State advised the trial court of the existence of a letter written by the district attorney's office that informed the son's attorney that the State was making a plea offer to the son for possessing a smaller amount of methamphetamine based upon counsel's representation that the son denied knowledge of the methamphetamine found in appellant's pocket. The State further advised the trial court that it might possibly call the son's attorney as a witness if the son claimed ownership of the methamphetamine found in appellant's pocket.

Appellant's son testified that he gave his dad the pack of cigarettes after appellant had run out of the cigarettes that he normally smoked. He testified that he gave the pack of cigarettes to appellant approximately ten minutes before police officers arrived at the car wash. The son

testified that, at the time that he gave the pack to appellant, he had forgotten that he had placed the bag of methamphetamine inside the cigarette pack. The son denied that appellant knew about the bag of methamphetamine being inside the cigarette pack.

At the outset of the son's cross-examination by the prosecutor, appellant's trial counsel objected to the State's reference to the letter setting out the State's plea offer to the son on the basis that the State did not produce the letter prior to trial. The trial court overruled the objection. During cross-examination, the prosecutor asked the son, "So now I need to ask you what you told your lawyer in working out that plea deal, did you tell her you were not aware of what was in your dad's pocket?" The son ultimately responded to the question by stating, "I might have told her that but it wasn't true." After further questioning, the son admitted that he had lied to his attorney in this regard.[2]

The State subsequently called the son's attorney as a rebuttal witness. Appellant's counsel objected to the State's reference during her testimony to the letter setting out the State's plea offer to the son on the basis that it constituted plea negotiations. The trial court overruled this objection. Upon reviewing the plea offer letter, the son's attorney testified that she represented to the State during plea negotiations that the son denied knowing about the methamphetamine found in appellant's pocket. She further testified that the son's plea agreement was based in part on this representation.

*Sufficiency of the Evidence*

In his fourth issue, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State,* 23 S.W.3d 1, 10-11 (Tex.

---

[2]The prosecutor suggested during cross-examination that appellant's son essentially only pleaded guilty to possessing the methamphetamine residue found on the spoon by pleading guilty to possessing less than one gram of methamphetamine because he denied, through a representation made by his attorney, that he did not possess the larger amount of methamphetamine found in appellant's pocket.

Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11. The jury, as the finder of fact, is the sole judge of the weight and credibility of the witnesses' testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

In cases involving unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). Appellant acknowledges that he had care, custody, and control of the methamphetamine based upon its location inside of his shirt pocket. He directs his evidentiary challenge to the evidence pertaining to his knowledge that the cigarette pack contained methamphetamine.

Trooper Duecker testified that the methamphetamine was contained inside a small plastic bag located within the cigarette pack. He further testified that appellant was smoking the same type of cigarettes that were also contained in the pack of cigarettes. Viewing all the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant knowingly possessed the methamphetamine recovered from his shirt pocket. Accordingly, appellant's conviction for possession of methamphetamine is supported by legally sufficient evidence.

With respect to the factual sufficiency of the evidence, the evidence supporting the jury's verdict is not so weak as to render it clearly wrong and manifestly unjust. Furthermore, the jury's verdict is not against the great weight and preponderance of the conflicting evidence. In this regard, the son's testimony regarding appellant's purported lack of knowledge of the methamphetamine found inside his pocket was an issue of credibility that the jury was free to reject. Appellant's fourth issue is overruled.

*Lawyer-Client Privilege*

In his first issue, appellant alleges that the trial court erred in allowing the testimony of his son's attorney. In this regard, he contends that the trial court violated his son's lawyer-client

privilege. *See* TEX. R. EVID. 503. He also asserts that the admission of his son's attorney's testimony violated TEX. R. EVID. 403.

Appellant did not object to the State calling his son's attorney as a witness at trial under either Rule 503 or Rule 403. Instead, appellant only objected to the State's reference to the plea offer letter during the attorney's testimony.[3] TEX. R. APP. P. 33.1(a) provides that, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. In order to preserve error for appellate review, the issue on appeal must correspond to the objection made at trial. *See Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). Appellant did not preserve error with regard to his complaint on appeal because he did not object to the admission of testimony from his son's attorney on the basis that it violated either lawyer-client privilege or Rule 403. We additionally note that appellant's standing to invoke his son's lawyer-client privilege is not supported by Rule 503. This rule contains a specific provision governing who may claim the lawyer-client privilege. It states as follows:

> The privilege may be claimed by the client, the client's guardian or conservator, the personal representative of a deceased client, or the successor, trustee, or similar representative of a corporation, association, or other organization, whether or not in existence. The person who was the lawyer or the lawyer's representative at the time of the communication is presumed to have authority to claim the privilege but only on behalf of the client.

Rule 503(c).

Appellant attempts to overcome this procedural hurdle by urging that the trial court had a duty to make a sua sponte determination that appellant's son made a valid waiver of his lawyer-client privilege. In the absence of controlling authority mandating this requirement, we conclude that the trial court was not required to make this determination in the absence of an objection by appellant's son or someone else authorized to act on his son's behalf as listed in Rule 503. Appellant's first issue is overruled.

### *Evidence of Extraneous Offenses*

In his second issue, appellant alleges that the trial court erred in allowing the admission of extraneous evidence concerning the finding of marihuana and drug paraphernalia inside the car. We review the trial court's ruling on the admissibility of evidence under an abuse of

---

[3]Appellant is not appealing the trial court's ruling on his objection to the State's reference to the plea letter during his son's attorney's testimony.

discretion standard. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); *Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1991). This standard requires an appellate court to uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Powell*, 63 S.W.3d at 438.

In response to the prosecutor's question, Trooper Duecker identified State's Exhibit No. 5 as marihuana and Zig-Zag rolling paper recovered from the car. Appellant's trial counsel subsequently objected to the question on the basis that appellant was "not on trial for marijuana." The trial court overruled the objection on the basis that these items were "a part of what was transpiring at the same time." Appellant contends that the trial court erred in admitting this evidence under Rule 403 because its probative value was substantially outweighed by the danger of unfair prejudice. He also argues that the trial court erred under Rule 403 in admitting other evidence of drug paraphernalia found in the car. Appellant waived any error concerning the other drug paraphernalia because he only objected to the admission of evidence pertaining to the marihuana and rolling paper. Furthermore, appellant's only objection to the marihuana and rolling paper was a general relevance objection. Therefore, a complaint under Rule 403 was not preserved for appeal. Rule 33.1(a); *Montgomery*, 810 S.W.2d at 388 (holding that, after the court overruled defendant's TEX. R. EVID. 404(b) objection, a further objection under Rule 403 was required to preserve error thereunder). Moreover, the record does not support the conclusion that the trial court would have abused its discretion by determining that the evidence would have been admissible under Rule 403 had an objection under the rule been made. The possibility that this evidence impressed the jury in some irrational way was minimal because the record reflects that appellant's son was the only person arrested for marihuana possession. *See Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). Appellant's second issue is overruled.

*Ineffective Assistance of Counsel*

In his third issue, appellant contends that he received ineffective assistance of trial counsel. In this regard, he alleges numerous deficiencies on the part of the trial court occurring prior to and during trial. Among other things, appellant faults trial counsel for not filing pretrial discovery motions, for failing to lodge competent objections at trial, and for failing to present a favorable impression of appellant during the punishment phase.

To determine whether appellant's trial counsel rendered ineffective assistance, we must first determine whether appellant has shown that counsel's representation fell below an objective

6

standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). This standard applies to claims of ineffective assistance of counsel in both the guilt/innocence phase and the punishment phase of noncapital trials. *Hernandez v. State*, 988 S.W.2d 770, 773 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and an appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the record on direct appeal contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id.* In light of these limitations, it is well settled that claims of ineffective assistance of counsel should usually not be raised on direct appeal because the record is often undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Andrews*, 159 S.W.3d at 103; *Thompson*, 9 S.W.3d at 813.

In this cause, appellant did not raise his ineffective assistance of counsel claims in a motion for new trial; therefore, he did not present any evidence to the trial court in support of his claims. The record is silent as to why appellant's counsel did not file formal pretrial motions and the reasoning that he may have employed in conducting the trial. Trial counsel's decisions may have been based on sound strategy. Because the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. Thus, appellant has failed to overcome the presumption that his trial counsel's conduct was reasonable and professional. *Bone*, 77 S.W.3d at 833; *Green v. State*, 191 S.W.3d 888, 894-95

7

(Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (Because the defendant failed to present evidence rebutting the presumption that trial counsel had plausible reasons for their actions, the court could not conclude that their performance in failing to object to testimony was deficient.).

Additionally, the record does not demonstrate a reasonable probability that the result of the proceeding would have been different but for trial counsel's alleged errors. In this regard, it is significant to note that trial counsel was faced with the difficult task of defending a client charged with possessing a controlled substance that was recovered from the client's shirt pocket. With regard to punishment, the State introduced evidence that appellant had previously been convicted of methamphetamine possession. Appellant's third issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


July 8, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.