Opinion filed July 8, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00277-CR 

                                                    __________

 

                         JIMMY
DON BRUMBALOW SR., Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

                                                            Erath
County, Texas

                                                   Trial
Court Cause No. CR12736

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted appellant, Jimmy Don Brumbalow Sr.,[1]
of possession of methamphetamine and assessed his punishment at confinement for
a term of ten years in the Institutional Division of the Texas Department of
Criminal Justice.  The jury additionally imposed a fine of $10,000.  Appellant
challenges his conviction in four issues.  We affirm.

Background Facts

At
approximately 9:00 p.m. on December 1, 2006, law enforcement officers received
a report of a suspicious vehicle parked in the bay of a self-service car wash. 
Officer Brandon West of the Stephenville Police Department spoke with the
driver of the vehicle while  DPS Trooper Nick Duecker spoke with the person
sitting in the front passenger seat.  Trooper Duecker identified the passenger
as appellant, and Officer West identified the driver as appellant’s son, Jimmy
Don Brumbalow Jr.

Officer
West spoke with appellant’s son outside of the vehicle.  Officer West
subsequently arrested appellant’s son for possession of marihuana.  Trooper
Duecker also spoke with appellant outside of the vehicle.  Trooper Duecker
noticed that appellant had a package of cigarettes in his shirt pocket. 
Appellant granted Trooper Duecker’s request to examine the cigarette pack.  In
addition to finding cigarettes in the pack, Trooper Duecker also found a
plastic bag inside of the pack containing a substance that he believed was
methamphetamine.  Trooper Duecker testified that appellant was smoking the
same kind of cigarette that was found inside the cigarette pack.

According
to the officers, appellant denied ownership of the methamphetamine found in his
pocket.  Appellant’s son, however, claimed ownership of the methamphetamine
found in appellant’s pocket.  Appellant’s son also stated to the officers that
the amount of methamphetamine in appellant’s pocket should not have been more
than a gram.  Laboratory analysis revealed that the methamphetamine found in
the cigarette pack weighed 1.39 grams.  A subsequent search of the vehicle also
revealed the presence of a spoon in the backseat that contained residue from
melted methamphetamine.  The methamphetamine residue found on the spoon
constituted .19 grams.  Appellant’s son subsequently pleaded guilty to
possessing less than one gram of methamphetamine.

Appellant
called his son as a witness during the guilt/innocence phase of the trial to
testify that the methamphetamine in appellant’s pocket belonged to the son and
that appellant was unaware of its presence in the cigarette pack.  Prior to the
son’s testimony, the State advised the trial court of the existence of a letter
written by the district attorney’s office that informed the son’s attorney that
the State was making a plea offer to the son for possessing a smaller amount of
methamphetamine based upon counsel’s representation that the son denied knowledge
of the methamphetamine found in appellant’s pocket.  The State further advised
the trial court that it might possibly call the son’s attorney as a witness if the
son claimed ownership of the methamphetamine found in appellant’s pocket.

Appellant’s
son testified that he gave his dad the pack of cigarettes after appellant had
run out of the cigarettes that he normally smoked.  He testified that he gave
the pack of cigarettes to appellant approximately ten minutes before police
officers arrived at the car wash.  The son testified that, at the time that he
gave the pack to appellant, he had forgotten that he had placed the bag of
methamphetamine inside the cigarette pack.  The son denied that appellant knew
about the bag of methamphetamine being inside the cigarette pack.

At
the outset of the son’s cross-examination by the prosecutor, appellant’s trial
counsel objected to the State’s reference to the letter setting out the State’s
plea offer to the son on the basis that the State did not produce the letter
prior to trial.  The trial court overruled the objection.  During
cross-examination, the prosecutor asked the son, “So now I need to ask you what
you told your lawyer in working out that plea deal, did you tell her you were
not aware of what was in your dad’s pocket?”  The son ultimately responded to
the question by stating, “I might have told her that but it wasn’t true.” 
After further questioning, the son admitted that he had lied to his attorney in
this regard.[2]

The
State subsequently called the son’s attorney as a rebuttal witness. 
Appellant’s counsel objected to the State’s reference during her testimony to
the letter setting out the State’s plea offer to the son on the basis that it
constituted plea negotiations.  The trial court overruled this objection.  Upon
reviewing the plea offer letter, the son’s attorney testified that she
represented to the State during plea negotiations that the son denied knowing
about the methamphetamine found in appellant’s pocket.  She further testified
that the son’s plea agreement was based in part on this representation.

Sufficiency of the Evidence

In
his fourth issue, appellant challenges the legal and factual sufficiency of the
evidence to support his conviction.  To determine if the evidence is legally sufficient, we must review all
of the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007);
Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  To
determine if the evidence is factually sufficient,
the appellate court reviews all of the evidence in a neutral light. Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the reviewing court determines whether the
evidence supporting the verdict is so weak that the verdict is clearly wrong
and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. Watson, 204 S.W.3d at 414-15;
Johnson, 23 S.W.3d at 10-11.  The jury, as the finder of fact, is the
sole judge of the weight and credibility of the witnesses’ testimony. Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).

In
cases involving unlawful possession of a controlled substance, the State must
prove that the accused exercised care, custody, control, or management over the
substance and that the accused knew the matter possessed was contraband.  Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); Martin v. State,
753 S.W.2d 384, 387 (Tex. Crim. App. 1988).  Appellant acknowledges that he had
care, custody, and control of the methamphetamine based upon its location
inside of his shirt pocket.  He directs his evidentiary challenge to the
evidence pertaining to his knowledge that the cigarette pack contained
methamphetamine.  

Trooper
Duecker testified that the methamphetamine was contained inside a small plastic
bag located within the cigarette pack.  He further testified that appellant was
smoking the same type of cigarettes that were also contained in the pack of
cigarettes.  Viewing all the evidence in the light most favorable to the jury’s
verdict, we conclude that a rational trier of fact could have found beyond a
reasonable doubt that appellant knowingly possessed the methamphetamine
recovered from his shirt pocket. Accordingly, appellant’s conviction for possession
of methamphetamine is supported by legally sufficient evidence. 

With
respect to the factual sufficiency of the evidence, the evidence supporting the
jury’s verdict is not so weak as to render it clearly wrong and manifestly
unjust.  Furthermore, the jury’s verdict is not against the great weight and
preponderance of the conflicting evidence.  In this regard, the son’s testimony
regarding appellant’s purported lack of knowledge of the methamphetamine found
inside his pocket was an issue of credibility that the jury was free to
reject.   Appellant’s fourth issue is overruled.

Lawyer-Client Privilege

In
his first issue, appellant alleges that the trial court erred in allowing the
testimony of his son’s attorney.  In this regard, he contends that the trial court
violated his son’s lawyer-client privilege.  See Tex. R. Evid. 503.  He also asserts that
the admission of his son’s attorney’s testimony violated Tex. R. Evid. 403.

Appellant
did not object to the State calling his son’s attorney as a witness at trial under
either Rule 503 or Rule 403.  Instead, appellant only objected to the State’s
reference to the plea offer letter during the attorney’s testimony.[3] 
Tex. R. App. P. 33.1(a) provides
that, as a prerequisite to presenting a complaint for appellate review, the
record must show that the complaint was made to the trial court by a timely
request, objection, or motion.  In order to preserve error for appellate review, the issue on appeal must correspond to the objection made at trial.  See
Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998).  Appellant did
not preserve error with regard to his complaint on appeal because he did not
object to the admission of testimony from his son’s attorney on the basis that
it violated either lawyer-client privilege or Rule 403.  We additionally note
that appellant’s standing to invoke his son’s lawyer-client privilege is not
supported by Rule 503.  This rule
contains a specific provision governing who may claim the lawyer-client
privilege.  It states as follows:  

            The
privilege may be claimed by the client, the client’s guardian or conservator,
the personal representative of a deceased client, or the successor, trustee, or
similar representative of a corporation, association, or other organization, whether
or not in existence.  The person who was the lawyer or the lawyer’s
representative at the time of the communication is presumed to have authority
to claim the privilege but only on behalf of the client.

 

Rule 503(c).

            Appellant
attempts to overcome this procedural hurdle by urging that the trial court had
a duty to make a sua sponte determination that appellant’s son made a valid
waiver of his lawyer-client privilege.  In the absence of controlling authority
mandating this requirement, we conclude that the trial court was not required
to make this determination in the absence of an objection by appellant’s son or
someone else authorized to act on his son’s behalf as listed in Rule 503. 
Appellant’s first issue is overruled.

Evidence of Extraneous Offenses

 
In his second issue, appellant alleges that the trial court erred in allowing
the admission of extraneous evidence concerning the finding of marihuana and
drug paraphernalia inside the car.  We review the trial court’s ruling on the
admissibility of evidence under an abuse of discretion standard.  Powell v.
State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); Montgomery v.
State, 810 S.W.2d 372 (Tex. Crim. App. 1991).  This standard requires an
appellate court to uphold a trial court’s admissibility decision when that
decision is within the zone of reasonable disagreement.  Powell, 63
S.W.3d at 438.

In
response to the prosecutor’s question, Trooper Duecker identified State’s
Exhibit No. 5 as marihuana and Zig-Zag rolling paper recovered from the car.  Appellant’s
trial counsel subsequently objected to the question on the basis that appellant
was “not on trial for marijuana.”  The trial court overruled the objection on
the basis that these items were “a part of what was transpiring at the same
time.”  Appellant contends that the trial court erred in admitting this
evidence under Rule 403 because its probative value was substantially
outweighed by the danger of unfair prejudice.  He also argues that the trial
court erred under Rule 403 in admitting other evidence of drug paraphernalia
found in the car.  Appellant waived any error concerning the other drug
paraphernalia because he only objected to the admission of evidence pertaining to
the marihuana and rolling paper.  Furthermore, appellant’s only objection to the marihuana and rolling paper was a general relevance objection.  Therefore, a
complaint under Rule 403 was not preserved for appeal.  Rule 33.1(a); Montgomery,
810 S.W.2d at 388 (holding that, after the court overruled defendant’s Tex. R. Evid. 404(b) objection, a
further objection under Rule 403 was required to preserve error thereunder).  Moreover,
the record does not support the conclusion that the trial court would have
abused its discretion by determining that the evidence would have been
admissible under Rule 403 had an objection under the rule been made.  The
possibility that this evidence impressed the jury in some irrational way was
minimal because the record reflects that appellant’s son was the only person
arrested for marihuana possession.  See Erazo v. State, 144 S.W.3d 487,
489 (Tex. Crim. App. 2004).  Appellant’s second issue is overruled.

Ineffective Assistance of Counsel

In
his third issue, appellant contends that he received ineffective assistance of
trial counsel.   In this regard, he alleges numerous deficiencies on the part
of the trial court occurring prior to and during trial.   Among other things,
appellant faults trial counsel for not filing pretrial discovery motions, for
failing to lodge competent objections at trial, and for failing to present a
favorable impression of appellant during the punishment phase.

To determine whether appellant’s trial counsel rendered ineffective assistance, we
must first determine whether appellant has shown that counsel’s representation
fell below an objective standard of reasonableness and, if so, then determine
whether there is a reasonable probability that the result would have been
different but for counsel’s errors. Wiggins v. Smith, 539 U.S. 510
(2003); Strickland v. Washington, 466 U.S. 668 (1984); Andrews v.
State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Thompson v. State, 9
S.W.3d 808 (Tex. Crim. App. 1999).  This standard applies to claims of
ineffective assistance of counsel in both the guilt/innocence phase and the
punishment phase of noncapital trials. Hernandez v. State, 988 S.W.2d
770, 773 (Tex. Crim. App. 1999).  We must indulge a strong presumption that
counsel’s conduct fell within the wide range of reasonable professional
assistance, and an appellant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. Strickland,
466 U.S. at 689; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).
“[C]ounsel is strongly presumed to have rendered adequate assistance and made
all significant decisions in the exercise of reasonable professional judgment.”
 Strickland, 466 U.S. at 690.

An
allegation of ineffective assistance must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness. Thompson,
9 S.W.3d at 814. Under normal circumstances, the record on direct appeal will
not be sufficient to show that counsel’s representation was so deficient and so
lacking as to overcome the presumption that counsel’s conduct was reasonable
and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).
 Rarely will the record on direct appeal contain sufficient information to
permit a reviewing court to fairly evaluate the merits of such a serious
allegation.  Id.  In light of these limitations, it is well settled that claims of ineffective assistance of counsel should usually not be raised on
direct appeal because the record is often undeveloped. Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Andrews, 159 S.W.3d at 103; Thompson,
9 S.W.3d at 813.

 In this cause, appellant did not raise his ineffective assistance of counsel claims
in a motion for new trial; therefore, he did not present any evidence to the
trial court in support of his claims. The record is silent as to why appellant’s
counsel did not file formal pretrial motions and the reasoning that he may have
employed in conducting the trial.  Trial counsel’s decisions may have been
based on sound strategy.  Because the record contains no evidence of the
reasoning behind trial counsel’s actions, we cannot conclude that counsel’s
performance was deficient. Thus, appellant has failed to overcome the
presumption that his trial counsel’s conduct was reasonable and professional. Bone,
77 S.W.3d at 833; Green v. State, 191 S.W.3d 888, 894-95 (Tex. App.—Houston
[14th Dist.] 2006, pet. ref’d) (Because the defendant failed to present
evidence rebutting the presumption that trial counsel had plausible reasons for
their actions, the court could not conclude that their performance in failing
to object to testimony was deficient.).

Additionally,
the record does not demonstrate a reasonable probability that the result of the
proceeding would have been different but for trial counsel’s alleged errors.  In
this regard, it is significant to note that trial counsel was faced with the
difficult task of defending a client charged with possessing a controlled
substance that was recovered from the client’s shirt pocket.  With regard to
punishment, the State introduced evidence that appellant had previously been
convicted of methamphetamine possession.  Appellant’s third issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

 

                                                                                    TERRY
McCALL

                                                                                    JUSTICE

 

July 8, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The indictment reflects appellant’s name as Jimmy Don
Brumbalow, and the judgment reflects appellant’s name as Jimmy Don Brumbalow
Sr.  Appellant’s name for the case herein is Jimmy Don Brumbalow Sr.





[2]The prosecutor suggested during cross-examination that
appellant’s son essentially only pleaded guilty to possessing the
methamphetamine residue found on the spoon by pleading guilty to possessing
less than one gram of methamphetamine because he denied, through a
representation made by his attorney, that he did not possess the larger amount
of methamphetamine found in appellant’s pocket.





[3]Appellant is not appealing the trial court’s ruling on
his objection to the State’s reference to the plea letter during his son’s
attorney’s testimony.